# MOTION FOR FRAUD UPON THE COURT AND COMPLAINT

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 4 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADRIANNE M. HUTSON,

Plaintiff / Movant,

**1:26-CV-3162**

v.

DEPARTMENT OF LABOR,DEPARTMENT OF LABOR APPEALS, and WALMART WAREHOUSE,

Defendants / Respondents.

## 1. INTRODUCTION

Plaintiff Adrianne M. Hutson, proceeding pro se, files this Motion for Fraud Upon the Court and Complaint, including a Motion to Produce Records and Request for Relief, pursuant to the Federal Rules of Civil Procedure, including but not limited to Rules 60(b), 37(a), and 65, and applicable local rules of the United States District Court for the Northern District of Georgia.

This filing asserts claims of fraud upon the court arising from the Defendants' submission of incorrect information, systemic errors in claim processing, failure to conduct a meaningful investigation, and procedural irregularities, including the cancellation of a scheduled hearing without granting Plaintiff's request for an in-person alternative, resulting in a miscarriage of justice in the adjudication of Plaintiff's partial COVID-PUA benefits claim.

Plaintiff seeks vacatur of any adverse decision, a new in-person hearing, compelled production of records, monetary damages in the amount of $50,000,000, and appropriate sanctions.

## 2. PARTIES

Plaintiff / Movant: Adrianne M. Hutson is an individual residing at 1213 West Ave, New Castle, DE 19720; Phone: 757-237-6908; Email: adrianne.hutson@yahoo.com

Defendant / Respondent (1): Department of Labor (Legal / Appeals), located at 148 Andrew Young International Blvd NE, Ste 525, Atlanta, GA 30303; Email: appeals@gdol.ga.gov; Phone: 404-232-3900 (fax 404-232-3901).

Defendant / Respondent (2): Walmart Warehouse, a corporate entity with its principal place of business and legal address to be specified by Plaintiff if available, responsible for submitting information relevant to Plaintiff's benefits claim.

## 3. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, including the Federal Rules of Civil Procedure governing fraud upon the court, discovery, and equitable relief in connection with unemployment benefits claims under the CARES Act and related federal programs.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in this district, including the processing and appeals handling by the Department of Labor (Appeals).

This action proceeds without a docket number at present; Plaintiff will supplement with the assigned case number upon issuance by the Court.

## 4. FACTUAL ALLEGATIONS

In or around April 2023, Plaintiff applied for partial COVID-PUA benefits through the Department of Labor.

The claim was processed incorrectly due to wrong information provided by Walmart Warehouse and system errors in the Department of Labor's processing system.

Specifically, Walmart Warehouse submitted incorrect information, noted as "3/4 over wrong information," which materially affected the adjudication of the claim.

The Department of Labor (Appeals) did not approve the claim due to incorrect or missing evidence submitted in connection with the claim.

Plaintiff waited nearly three years for the claim to be processed and filed multiple appeals during this period, from April 2023 through July 2025.

A scheduled court hearing related to the claim was canceled by the presiding judge.

Plaintiff requested an in-person hearing due to issues with phone connectivity but this request was not granted.

No meaningful investigation occurred into the alleged errors, negligence, or procedural unfairness, constituting fraud upon the court.

The wrong information submitted by Walmart Warehouse, system errors, and the Department of Labor's failure to produce or consider relevant evidence constitute fraud upon the court and contributed to procedural unfairness and a denial of due process.

Supporting evidence includes emails, audio recordings, system error logs, and documents stored in Plaintiff's emails and files, with specific dates and details to be provided as exhibits upon filing or Court request.

## 5. LEGAL CLAIMS AND MOTION FOR FRAUD UPON THE COURT

Pursuant to Federal Rule of Civil Procedure 60(b)(3) and (6), Plaintiff moves for relief from any adverse decision or administrative determination on grounds of fraud upon the court, misrepresentation, or other misconduct by the Defendants that prevented a full and fair adjudication of the claim.

The Defendants' submission of incorrect information by Walmart Warehouse and the Department of Labor's failure to investigate or correct systemic errors amount to fraud upon the court, as they intentionally or recklessly introduced false evidence or withheld material facts, materially affecting the outcome.

The cancellation of the hearing without accommodating Plaintiff's request for an in-person alternative, coupled with nearly three years of delay, deprived Plaintiff of due process under the Fifth and Fourteenth Amendments to the United States Constitution.

Defendants' negligence in handling appeals, including failure to produce accurate records or conduct a proper investigation, contributed to a miscarriage of justice warranting vacatur and a new hearing

Plaintiff asserts claims for compensatory and punitive damages in the amount of $50,000,000, arising from financial losses, emotional distress, and harm caused by the prolonged denial of benefits and procedural misconduct; specific loss details to be supplemented by Plaintiff as available.

Sanctions are warranted against the Defendants and any responsible attorneys or agents pursuant to Federal Rule of Civil Procedure 11 and 37, including costs and fees incurred by Plaintiff due to the misconduct.

# 6. MOTION TO COMPEL PRODUCTION OF RECORDS

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff moves to compel production of records from the Defendants and their custodians for the period April 2023 through July 2025, necessary to adjudicate material facts regarding the fraud and errors alleged herein.

The requested records include all audio recordings relevant to the claim, communications, and hearings.

All emails and internal communications concerning the claimant and the claim, including appeals and internal notes.

All system error logs, reports, or records demonstrating incorrect system behavior affecting claim processing.

All documents, evidence files, submissions, and records relating to the claim, appeals, and any internal investigations.

Primary custodians include the Department of Labor (Appeals) legal custodian(s) and Walmart Warehouse legal/HR/operations custodians, who shall preserve all such evidence pending production.

Production shall occur within 14 days of this Court's order, in a manner allowing inspection and copying by Plaintiff.

Failure to comply shall result in further sanctions, including adverse inferences and monetary penalties.

# 7. PRAYER FOR RELIEF

Vacate any adverse decision or administrative determination related to the benefits claim.

Order a new in-person hearing before the appropriate adjudicator or court to ensure due process.

Compel production of the specified records as detailed in Section 6.

Award monetary damages in the amount of $50,000,000 in compensatory and punitive damages to Plaintiff.

Impose sanctions against the Defendants, responsible parties, and attorneys as appropriate, including costs and attorney's fees.

Grant such other and further relief as the Court deems just and proper.

# 8. GOVERNING LAW

This action is governed by the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Northern District of Georgia, and applicable federal substantive law, including provisions under the CARES Act for unemployment benefits and constitutional due process requirements.

# 9. PROPOSED ORDER

The following is a proposed order for the Court's consideration:

**PROPOSED ORDER**

Upon consideration of Plaintiff's Motion for Fraud Upon the Court and Complaint, Motion to Compel Production of Records, and Request for Relief, it is hereby ORDERED that:

(a) Any adverse decision or administrative determination related to the benefits claim is VACATED.

(b) A new in-person hearing shall be scheduled before the appropriate adjudicator within 60 days.

(c) Defendants are COMPELLED to produce the specified records within 30 days, with custodians identified as required.

(d) Plaintiff is awarded $50,000,000 in compensatory and punitive damages.

(e) Sanctions are imposed against Defendants in the form violaton of  due process.

(f) This matter is set for further proceedings on May20 ,2026

SO ORDERED this _____ day of _____, _____.

_____

United States District Judge

# 10. CERTIFICATE OF SERVICE

**10.1** I hereby certify that on _____06/02/2026_____ , a true and correct copy of the foregoing was served on Defendants via [method: e.g., certified mail, email] to the addresses listed in Section 2.

Adrianne M. Hutson, Pro Se

Date: May 20,2026

*Respectfully submitted,*

**PLAINTIFF / MOVANT**

Name:

Adrianne M. Hutson

Address:

1213 West Ave, New Castle, DE 19720

Phone:

757-237-6908

Email:

adrianne.hutson@yahoo.com

Date:

May 30,2026

Signature:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

# SUBPOENA DUCES TECUM

Court: FEDERAL COURT

Plaintiff-Appellant: Adrianne M. Hutson.

v.

Defendant-Appellee: Department of Labor , Walmart Warehouse &  Department of court of Appeals

## Parties

Requesting Party: Adrianne M. Hutson, an individual residing and served at 1213 West Ave, New Castle, DE 19720 ("Requesting Party"). Telephone: 757-237-6908. Email: adrianne.hutson@yahoo.com. The Requesting Party is proceeding pro se, with no counsel identified.

Respondent: Department of Labor, Walmart Warehouse ,& Department of Appeals, a governmental entity with its principal office for service at 148 Andrew Young Intl,

Atlanta, GA 30303, attention: Custodian of Records ("Respondent").

## Recitals

WHEREAS, the Requesting Party is the Plaintiff-Appellant in the above-captioned civil action pending in the Court (the "Action");

WHEREAS, discovery in the Action requires the production of certain documents and audio recordings maintained by the Respondent that are relevant to the claims and defenses in the Action;

WHEREAS, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as applicable in federal appellate proceedings, and any relevant local rules or appellate procedures, the Requesting Party may request the issuance of this Subpoena for the production of such documents and audio recordings without a deposition;

WHEREAS, the Requesting Party has determined that the Respondent is the custodian of the requested materials;

NOW, THEREFORE, the Requesting Party issues this Subpoena to the Respondent as of  APRIL 1,2026 (the "Effective Date").

## Term

This Subpoena shall remain in effect from the Effective Date until compliance is achieved or it is quashed or modified by the Court.

The Respondent shall comply with the production requirements no later than fourteen (14) days after service of this Subpoena (the "Production Deadline"), unless extended by agreement of the parties or order of the Court.

## Obligations

The Respondent shall search for and produce all responsive materials in its possession, custody, or control as specified in Section 6 below.

The Respondent shall produce such materials in the manner specified in Section 7 below.

The Respondent shall produce materials in the form in which they are ordinarily maintained or in a reasonably usable form.

If the Respondent objects to any portion of this Subpoena, it shall serve written objections on the Requesting Party prior to the Production Deadline, specifying the grounds for objection, and production of non-objectionable materials shall proceed.

## Requested Materials

All audio recordings related to the Action, covering the period from December 23, 2014 through June 2025.

All case file records related to the Action, covering the period from December 23, 2014 through June 2025, including transcripts, filings, correspondence, exhibits, and electronic case files.

Such materials shall include those maintained by the Department of Labor Appeals records custodians and any identified staff who maintain case files or audio archives.

The requested materials shall include, without limitation, all audio files in any format, all physical and electronic documents, and any associated metadata.

## Production

The Respondent shall produce all responsive materials by mailing physical copies and/or appropriate media (such as USB drives or CDs for audio files) to the Requesting Party at 1213 West Ave, New Castle, DE 19720.

If media cannot be mailed due to size or format, the Respondent shall include with the production a cover letter describing available electronic formats and delivery options, such as secure file transfer protocols or pickup arrangements.

Production shall be complete by the Production Deadline, subject to any extensions under Section 13.

## Payment

The Requesting Party shall reimburse the Respondent for the reasonable costs of complying with this Subpoena, including copying, shipping, and media preparation costs, upon submission of a detailed invoice within thirty (30) days after production.

If the parties cannot agree on the amount of costs, the dispute shall be resolved by the Court upon motion by either party.

## Confidentiality and Intellectual Property

All materials produced pursuant to this Subpoena shall be used solely for purposes of the Action and shall not be disclosed to third parties except as required by court order or with the prior written consent of the Respondent.

The Requesting Party shall not assert any intellectual property rights over the produced materials beyond those necessary for use in the Action.

Any confidential portions of the produced materials shall be protected in accordance with any protective order entered in the Action or, in the absence thereof, returned or destroyed upon conclusion of the Action.

## Warranties

The Respondent warrants that it will conduct a diligent and reasonable search for all responsive materials within its possession, custody, or control.

The Requesting Party warrants that this Subpoena is issued in good faith and that the requested materials are relevant to the Action.

## Liability

The Respondent shall comply with this Subpoena in good faith and shall be liable for contempt of court for failure to comply, as provided under applicable federal rules.

Except as provided by law, neither party shall be liable to the other for any indirect, incidental, consequential, special, or punitive damages arising out of or relating to this Subpoena.

## Termination

This Subpoena shall terminate upon full compliance by the Respondent or upon entry of a court order quashing, modifying, or extending it.

Upon termination, the Requesting Party shall return or destroy all produced materials, subject to retention requirements for the Action.

## Governing Law

This Subpoena shall be governed by and construed in accordance with the Federal Rules of Civil Procedure, including but not limited to Rule 45, the Federal Rules of Appellate Procedure, and the local rules of the Court.

The Court shall have exclusive jurisdiction over any disputes arising from this Subpoena, and venue is proper in the Court.

## Force Majeure

The Respondent shall not be deemed in breach of this Subpoena if performance is delayed or prevented by reason of any act of God, fire, flood, war, riot, labor dispute, governmental action, or other cause beyond its reasonable control, provided that the Respondent notifies the Requesting Party in writing within five (5) days of the event and resumes performance as soon as practicable.

Such delay shall not extend the Production Deadline beyond what is reasonable under the circumstances.

## Entire Agreement

This Subpoena constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior or contemporaneous oral or written communications, proposals, and understandings.

No amendment or modification of this Subpoena shall be effective unless in writing and signed by both parties or ordered by the Court.

## Notices

All notices, requests, demands, and other communications under this Subpoena shall be in writing and delivered by certified mail, return receipt requested, or by email with confirmation of receipt, to the addresses specified in Section 2.

Service of this Subpoena on the Respondent shall be effected by United States Postal Service (USPS) mail to 148 Andrew Young Intl, Atlanta, GA 30303, attention: Department of Labor Appeals or Custodian of Records.

Notices to the Requesting Party shall be sent to 1213 West Ave, New Castle, DE 19720, or via email to hutsonadrianne@yahoo.com.

## Objections and Privilege

If the Respondent withholds any responsive material in whole or in part on the grounds of privilege, work product doctrine, or any other basis for withholding, it shall provide a privilege log at the time production is due, specifying for each withheld item or portion: the date, author, recipient, subject matter, and basis for withholding, with sufficient detail to permit review by the Court.

Any motion to compel production of withheld materials shall be filed in the Court in accordance with applicable rules.

## Voluminous or Complex Production

If the responsive materials are voluminous or require substantial time to compile, the Respondent shall promptly notify the Requesting Party upon receipt of this Subpoena and propose reasonable alternative delivery methods, such as electronic transfer, multiple shipments, or a rolling production schedule.

The parties shall confer in good faith to agree on such alternatives; absent agreement, either party may seek Court intervention.

## Certificate of Service

I, Adrianne M. Hutson, hereby certify that on may 26,2026 a true and correct copy of this Subpoena was served on the Respondent by USPS mail, postage prepaid, to the address specified in Section 16.2 above. Tracking number

The undersigned is the Requesting Party acting pro se and is authorized to issue this certification.

*IN WITNESS WHEREOF, the Requesting Party has caused this Subpoena to be issued as of the Effective Date first written above.*

**FOR REQUESTING PARTY**

Name:
Adrianne M. Hutson

Title:
Pro Se

Date:
May 28,2026

Signature:

**FOR RESPONDENT (ACKNOWLEDGMENT, IF APPLICABLE)**

Name:
Department of labor,appeals, &Walmart Warehouse

Title:
UI Legal

Date:

Signature: